all right I see both counsel and can you both hear me all right all right you may proceed thank you your honor and may it please the court Michael Scott on behalf of plaintiff Helen Brandon Marcure I'd like to reserve two minutes for rebuttal that's fine we are here today because of a clerical mistake mr. Marcure filed a response to the police defendant's motion to dismiss but he forgot to sign it and that small oversight took on outsized significance in this case because of two distinct errors that the district court committed each of which independently warrants reversal here first the district court improperly struck mr. Marcure's brief under federal rule of civil procedure 11 without considering whether that error caused any prejudice to the defendants and second the district court then improperly granted the police defendant's motion to dismiss without considering its merits now I'd like to begin with the rule 11 issue because I think the common ground on that issue all but resolves this appeal two important points appear to be undisputed here first it seems to be undisputed that the district court had discretion to overlook the missing signature and in addition it similarly is the undisputed that in exercising its discretion the district court should have considered whether the defendant suffered any prejudice from the lack of a signature that is enough to reverse here because the district court did not conduct that analysis or apply that standard instead it understood rule 11 to require striking the brief on the basis of the missing signature even if it's easy to understand why the judge was operating under that understanding because that's what the rule says well your honor I think the judge was right to pay heed to the text of rule 11 and I think it focused on the word must in rule 11 a but there's at least one competing must that the district court should have taken into account and that's federal rule of civil procedure 61 which says that at all stages of the proceedings the district court must disregard all errors and defects that do not affect any party's substantial rights so I think that that was one consideration that should have led the district court to temper its action here and in addition I think reading rule 11a in the full context of rule 11 makes clear that the error here was a purely technical defect the presence or absence of the signature on mr. markers brief was not relevant to the district court's ability to enforce the substantive provisions of rule 11 and I don't think there's been any question raised here by either defendants or the district court that there were any concerns about mr. markers response on that score well the signature has substantive effect for sanctions and it's an attestation that the party or attorney represents that the arguments are made in good faith based on the facts in the law well chief judge six I don't think the signature is necessary for that purpose because under federal rule of civil procedure 11b also filing or otherwise advocating the motion have the exact same effect so just based on what mr. marker has already filed here the district court was fully able to enforce the substantive provisions of the signature requirement is is not insignificant and the rule also says for the signature requirement that it must be signed so rule 11a has two musts that are mandatory your honor as I said I think there are musts in rule 11a that the district court was right to take account of it just simply should have taken account of some of the other musts in the federal rules and in particular the requirement to consider whether there's any practical effect of an error and I think that that may be why I don't believe we've heard any dispute from the other side that the district court had discretion to overlook the error here I'm not sure the other side has said that but well we can confirm that when we hear from mr. Ron but I'm not sure they've agreed to that yes your honor well I think many district courts commonly do overlook errors of this type and consider the merits anyway I think that's consistent with the spirit of the federal rules and I think although it's certainly not the case I'm not we're not suggesting that rule 11a the signature requirement is in some way insignificant but as this court said in the Kovalev construction company case we'll discuss policies of differing importance the need to deter non-compliance varies and the consequences of failures to comply differ and I think that was the period in which the district court failed to consider whether to exercise its discretion to overlook the that case didn't have anything to do with an discussion is dictum you speak up a little bit I don't know why but your voice is not coming through yeah I think you are standing away from your microphone so your voice is soft yes your honor this is better I'm sorry could you remember what the question was the question is the question that you're referring to doesn't have anything to do with what was that issue in that case there wasn't an unsigned pleading in that case there was a failure to file a I guess a disclosure statement of some kind so it was it was a discussion in dicta about the requirements of rule 11 sort of by way of analogy it wasn't it's it's so not a holding so let's just go to the here and that is Kassabaski sure well one thing I do think is important to note from the coverage case it did note that there there was a signature on the brief in that case although it did go on to discuss how rule 11 would apply if the error there had been tantamount to the absence of any signature whatsoever and the important principle I think it laid down there is it's undisputed in that case the error was not corrected and the district and and this court in that case still considered the presence or absence of prejudice okay and maybe I should step step back a little and ask the more important global question which is is our case law Kassabaski and Covillick construction out of step with the text and proper understanding of rule 11 I was in law school when these major big deal see change in procedural law to require a signature and the force of the attestation that the signature provides that the appropriate inquiry into the facts and law had been accomplished and that the pleading was well-grounded in facts and law so I question whether our case law both Kassabaski and Covillick are sound interpretations of rule 11 well your honor for the reasons I've discussed I think they are sound interpretations because they place the rule in the broader context of the federal rules of civil procedure and although they certainly give district courts ample discretion to consider all the circumstances of the case they do require district courts to recognize that they have some discretion in how I don't understand how you're reading that into the rule that says must and even the committee notes to the rule support that it's mandatory so just from a plain reading of the text I don't think you get around the mandatory nature of this understood your honor right I think I've addressed the reasons why we think that there should there was necessary to be at least some tempering of the mandatory language based on other considerations in the federal rules but I think it's important to note that even if you think that the district court acted properly in striking the brief here it still committed reversible error when it then further granted the motion for this myth with prejudice merely because at that point there was no response on file and so turning to that question it's important to stress that it is the the district court that the complaint fails to state a claim that is why this court said in bolt v. Lloyd that the mere failure to file a response to a rule 12 v6 motion is not a sufficient basis for dismissal a plaintiff is entitled to stand on the complaint alone here the district court applied its local rule 7.1 v2 to hold otherwise but that was plainly improper under federal rule of rule that would bring it into conflict with the federal rules the district court created such a conflict here by relieving defendants of their burden under federal rule 12 v6 I'm not even sure that the local rule is in conflict with the rules of civil procedure because the local rule just says that the court is entitled to disregard a pleading that is stricken and can rule accordingly but it doesn't lift the obligation to actually address the contents of the motion that has been filed so I don't see a textual conflict between the two rules there there seems to be a conflict between the way the district court applied the local rule in not taking the second second step of the analysis to actually address the contents of the motion on their face but but again I don't I don't see a conflict between the two rules yes chief judge so we're not arguing that the rule on its face or in all of its applications I think the the text of the rule itself is somewhat ambiguous it seems to me that it's unclear whether that means presumed that there is no brief that is going to be filed in opposition to the motion or presume that there's no substantive opposition to the motion and many district courts in the central district of Illinois routinely apply the rule in the way that your honor was describing but whether the rule on its face conflicts with the conflicts with the reddle federal rules does not affect the analysis in neither of those two things is permissible would it matter if the district court had dismissed the case without prejudice or dismissed those claims without prejudice that would that would certainly be better your honor and more consistent for the reasons the court the judge Griffith's opinion in the Cohen case for the DC Circuit explained but it doesn't resolve the conflict with the federal rules I don't think even the Cohen case explained how simply making the dismissal without prejudice isn't also relieving the defendants of their the First Circuit has come out differently as you identified in your brief the other circuits to address this question have come out the way you're arguing is it your position that the First Circuit just got it wrong and they only looked at the text and didn't rely on on the burdens that have been developed under the law essentially your honor and with great respect for the First Circuit yes we do believe that in this narrow respect their case law is out of step with the federal rules of civil procedure and I think that's particularly clear in this circuit because of the GCI you employers retirement fund case which we cite at page 26 of our brief which makes clear that a conflict exists even if the the interpretation of the federal rule is not evident on the text of the rule itself this courts established precedents interpreting the rules override any conflicting application of local rules as well if there are no further questions at this time I'd like to reserve the balance of my time that's fine mr. Brown it please the court I find myself in a somewhat unusual position here defending a position that we didn't assert in the district court we were and remain eager to argue that complaint should fail as a matter of law as inadequately and frankly comprehensively blood the appellant argues that the signature requirement of rule 11a is discretionary and that it's an actual abuse of discretion to apply the term the rule by its express terms well we've already established the terms say the court must strike an unsigned paper the only discretion that that sentence contemplates is what constitutes a prompt correction of that and I would suggest that's where the severe prejudice standard could come in that if a correction occurs before the opposing party suffers severe prejudice the correction should be allowed here however it was never corrected and the district court ruled nearly a year later and during that year period the plaintiff continued to file pleadings and motions and in other aspects of the case including notably a motion for summary judgment against private attorney no the plaintiff argues that the court can't assume that an argument that is apparently abandoned is actually abandoned I think the court has every right to assume that arguments that are waived are actually waived and that the court does not bear the burden of guessing whether a party has waived an argument because they meant to or because they just forgot about it if a plaintiff sues parties A and B and parties A and B move to dismiss that complaint on separate grounds and the plaintiff responds only to party B's arguments I think the court is entitled to assume that the plaintiff has that argument was waived so I think in this case it's perfectly appropriate for the court to have assumed that because Mr. Marqueur did not correct his error that that was a legal waiver of that however even if the court were required to address the motion to dismiss on its merits and the complaint on its merits I think it's obvious and this court can affirm a case on any grounds in the record and I think it's fairly obvious that this case does not state a actionable claim as best I can before you get to the subject matter and the on the motion to dismiss that the court if a response isn't filed is free to grant it without objection would conflict with our clear case law on summary judgments which are similar why would it be okay to say well for summary judgments if you don't file a response the court still has to consider the I think on the distinction here is that it constitutes a waiver if they they don't directly respond to an argument in this we haven't said in the summary judgment context that you are waiving your right to have the court determine on the merits I agree if you don't file a response then you don't get to put in a response or the court doesn't have to consider what your arguments are but in the summary judgment context is still court the court still has to evaluate whether or not you're entitled to summary judgment based on the moving party submission so what's different about 12b6 compared to rule 56 that would relieve the court of that requirement I don't know that there is necessarily a distinction in in that regard I think in this case there there were simply so many parties that were joined and that the the court nearly interpreted that a failure to respond as a abandonment of failure to prosecute one portion of his case but that wasn't the basis it wasn't a and I know there's case law where we say if you fail to prosecute you can dismiss the case but there was never any warning along those lines and he was still prosecuting other aspects of the case so I don't think we could go down that route well I as we're sitting here I can't come up with a distinction for you in that regard my to the extent that the court failed to specifically address the adequacy of the complaint I think that that error if it existed was harmless in this case because the complaint itself is incomprehensible in what it alleges on a that that is the police conspired with his defense attorneys and two separate prosecutors to violate his rights in a case that's that as of today is still waiting trial and in the state court so I think that the the motion to dismiss on its merits is well received and I would urge that the the the this report's decision be affirmed on that ground and to the extent any error in considering on the merits it was harmless and unless the court has further questions I would I would like to try to make two points quickly just first I think picking up on judge St. Eve's question I think it's exactly right that this court and others endeavor to treat this the same in the summary judgment context and the motion to dismiss context and we say that pages 22 23 of our opening brief some of this court's summary judge I'm still having a real problem of hearing you I not sure why I can hear judge Sykes very well I'm sorry I'll speak up we cite some of this court's summary judgment case law which we think is very clear on this point and just to the to the notion that mr. mark here that there was either any forfeiture or failure to waiver or failure to prosecute here I think that's flatly inconsistent with the record mr. mark here did attempt vigorously to oppose this motion to dismiss and this brief was stricken only for the lack of a signature and it's not consistent with this court's opinion in bolt v. Loy which considered exactly the argument that defense counsel is making and said that you can't just assume that it's that it's an abandonment it's equally likely that they're standing on the complaint and finally I'm just very briefly to defendants carried their burden here the complaint attract attached extrinsic documents and they didn't explain why that was appropriate on a 12b 6 motion they made a statute of limitations argument that didn't apply to all of the defendants and that on the Fourth Amendment claim they rely in particular on extrinsic documents consent to search form without explaining why that's finally to the question earlier at a bare minimum there was prejudice here because the dismissal was with prejudice and not without prejudice and have the district court considered the merits it would have been required to assess whether there was whether it would be appropriate for mr. mark here to replete all right thank you very much our thanks to both counsel and mr. scotch Paul particular thanks to you and your law firm for your willingness to accept this representation of the plaintiff pro bono you have the thanks of the court